UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, | § § |
| Plaintiff | § § § |
| V. | §  NO. 4:14-cv-957 § |
| PATCO ELECTRONICS, A SUBSIDIARY OF TECHNOLOGY RESEARCH CORPORATION, and KOKAM CO., LTD., | § § § § § |
| Defendants | § |

## COMPLAINT

TO THE COURT:

Ace American Insurance Company as subrogee of Dow Kokam LLC (now known as Xalt Energy LLC), Plaintiff herein, complains of the above-named Defendants, PATCO Electronics, a Subsidiary of Technology Research Corporation, and Kokam Co., Ltd., and alleges upon information and belief as follows:

### I.
### Jurisdiction & Venue

1. This is a claim in which Plaintiff and all Defendants are diverse in citizenship pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Venue is proper in this District and Division as the loss made the basis of this lawsuit occurred in Lee's Summit, Missouri.

### II.
### Parties

2. At and during all the times hereinafter mentioned, Plaintiff, Ace American Insurance Company ("Ace"), was and now is an insurance company or similar entity, authorized

1

to transact business in Missouri, incorporated under the laws of Pennsylvania with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Plaintiff Ace is a citizen of Pennsylvania.

3. Plaintiff's insured, Dow Kokam LLC (now known as Xalt Energy LLC) ("Dow"), was and now is a limited liability company or similar entity formed under the laws of Michigan with its principal place of business at 2901 NE Hagan Road, Lee's Summit, Missouri 64064. Dow is a citizen of Michigan and Missouri.

4. At and during all times hereinafter mentioned, Defendant, PATCO Electronics, a Subsidiary of Technology Research Corporation ("PATCO"), was and now is a foreign corporation or similar business entity, with power to sue and be sued, incorporated under the laws of Florida with its principal place of business at 5250 140th Avenue North, Clearwater, Florida 33760. Technology Research Corporation was and is a foreign corporation or similar business entity, with power to sue and be sued, incorporated under the laws of Florida with its principal place of business at 4525 140th Avenue North, Suite 900, Clearwater, Florida 33762. PATCO is a citizen of Florida.

5. PATCO regularly transacts business in Missouri by designing and selling lithium battery packs and complete kits, including electronic components to assemble the battery packs (except for the battery cells), and committed a tortious act in Missouri by providing and/or supplying a defective design and/or defective kits / electrical components used to assemble the battery packs to Dow in Missouri. PATCO does not maintain a regular place of business in Missouri and has failed to appoint or maintain a registered agent in Missouri for service of process. The Missouri Secretary of State is thus automatically appointed as PATCO's registered

2

agent, and thus PATCO may be served through the Missouri Secretary of State at PATCO's home office address identified above.

6. At and during all times hereinafter mentioned, Defendant, Kokam Co., Ltd. ("Kokam"), was and now is a foreign corporation or similar business entity, with power to sue or be sued, incorporated under the laws of South Korea with its principal place of business at 1261-3, Jeongwang-Dong, Siheung-Si, Gyeonggi-Do, Korea 429-849. Kokam is a citizen of South Korea.

7. Kokam regularly transacts business in Missouri by manufacturing and selling battery cells, made a contract with Dow in Missouri to supply battery cells, and committed a tortious act in Missouri by supplying defective battery cells to Dow in Missouri. However, Kokam does not maintain a regular place of business in Missouri and has failed to appoint or maintain a registered agent in Missouri for service of process. The Missouri Secretary of State is thus automatically appointed as Kokam's registered agent, and thus Kokam may be served through the Missouri Secretary of State at Kokam's home office address identified above. Alternatively, Kokam may be served through the Hague Convention under Fed. R. Civ. P. 4(k)(2) through South Korea's Central Authority at National Court Administration, Attn.: Director of International Affairs, 967, Seocho-dong, Seocho-gu, SEOUL 137-750, Republic of Korea.

III.
**Facts**

8. Plaintiff Ace is the subrogated insurer of Dow. Dow purchased BB-3590 battery packs from PATCO that were designed by PATCO and were assembled pursuant to an assembly process that was provided by PATCO to Dow. PATCO'S assembly process / protocol was followed by Dow personnel as the BB-3590 battery packs were assembled at Dow's facility in

Lee's Summit, Missouri. PATCO provided the design for the BB-3590 battery packs, sourced all of the material (except the battery cells), and provided Dow with complete kits to assemble the battery packs including the specific assembly protocol. PATCO also assembled, designed and tested other electronic components known as the joiner PCB (printed circuit board) or control PCB, which were supplied as components for the battery packs.

9. Dow assembled the battery packs at its facility in Lee's Summit, Missouri based on express written instructions provided by PATCO, which specific instructions Dow followed and subject to careful quality control procedures, including visits to PATCO's facility to ensure a complete understanding of PATCO's assembly process / protocol. The battery cells for the battery packs (the only component not supplied by PATCO) were manufactured and sold to the plaintiff by Kokam.

10. On or about November 1, 2011, several of the PATCO BB-3590 battery packs caught fire while stored in a PATCO battery charger, resulting in a fire which damaged a significant portion of Dow's Lee's Summit, Missouri facility, including but not limited to the following: 1) the building; 2) other supplies, equipment and personal property within the building; and 3) raw materials stored in the building. The fire resulted from defects in the design and manufacture of the battery cells provided by Kokam and/or the battery packs and/or assembly instructions/protocol provided by PATCO, which led to a thermal event causing the battery cells and battery packs to overheat and catch fire. Ace made payment its insured, Dow, for the resulting damages and is fully subrogated to Dow's rights against Defendants.

IV.
**Count 1 - Breach of Contract – PATCO**

11. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

4

12. Dow and Defendant PATCO are "merchants" as defined by the Uniform Commercial Code ("UCC") as adopted in Missouri. Dow entered into contracts with Defendant PATCO, both express and implied, under which PATCO agreed to supply Dow with the design for the BB-3590 battery packs and the complete kits of electronic components necessary to assemble the battery packs (minus battery cells) and the written assembly process instructions / protocol for the assembly of the battery packs. Defendant PATCO agreed that the design for the battery packs, the electronic components / kits to assemble the battery packs, and the actual assembly process instructions / protocol would conform to all specifications, be merchantable and fit for their intended purpose, and be free from defects in design, workmanship and materials.

13. Dow's contract with PATCO contained the following express terms and provisions:

> 10. <u>Warranties.</u> In addition to any other express and implied warranties provided by law or otherwise, Seller [PATCO] warrants that the Products shall: (a) be delivered to Buyer [Dow] free of all liens and encumbrances; (b) be new and conform to this Purchase Order and all specifications, drawings, samples and other descriptions furnished by Buyer; (c) be merchantable and fit for the purpose for which intended; and (d) be free from all defects in design, workmanship and materials.
>
> 14. <u>Compliance with Laws.</u> Seller agrees to comply with all applicable federal, state and local laws, rules, regulations and ordinances in connection with the manufacture, sale, delivery and use of the Products, including without limitation obtaining or making all approvals and filings.

5

14. Defendant PATCO breached its contract and its obligations under the UCC to Dow by providing Dow with a defective design for the battery packs, and defective electronic components / kits for the assembly of the battery packs and/or defective assembly process instructions / protocol for the assembly of the battery packs. The defects in PATCO's design, the electronic components of its kits and/or its assembly process instructions / protocol led to a thermal event with the battery packs overheating to such an extent that they caught fire.

15. PATCO's multiple acts and/or omissions and breaches of its agreement to supply goods and /or product and/or services and its obligations under the UCC led to the fire and were a direct and proximate cause of damages to Dow for which Dow has not been compensated.

16. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

## V.
## Count 2 - Breach of Contract – Kokam

17. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

18. Dow and Defendant Kokam are "merchants" as defined by the Uniform Commercial Code ("UCC") as adopted in Missouri. Dow entered into contracts with Defendant Kokam, both express and implied, under which defendant Kokam agreed to supply Dow with battery cells. Defendant Kokam agreed that the battery cells they manufactured and sold to Dow would meet the applicable product specifications, be merchantable and fit for their intended purpose, be free from defects in design, workmanship and materials, and conform with all applicable laws and regulations.

6

19. Dow's contract with Kokam contained the following express terms and provisions:

Article 9 – Product Warranty

All Products supplied by Kokam under this Agreement shall: (a) meet the applicable Product Specifications; (b) be conveyed with good and valid title, free from any security interests, liens, charges, Claims or other encumbrances; and (c) conform with all applicable laws and regulations. In addition, Products supplied from the New Kokam Facility shall also be manufactured with Materials meeting the applicable Material Specifications and in accordance with the Operational Standards.

20. Defendant Kokam breached its contract and its obligations under the UCC by providing Dow with battery cells prone to thermal events and/or overheating to such an extent that the battery cells could catch fire. Furthermore, Defendant Kokam failed to warn Dow of the propensity of the battery cells to be subject to "thermal events."

21. Defendant Kokam's multiple acts and breach of its supply agreement and obligations under the UCC led to the fire and was a direct and proximate cause of damages to Dow for which Dow has not been compensated.

22. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

VI.
**Count 3 - Breach of Warranty - PATCO**

23. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

24. Defendant PATCO made warranties to Dow, both express and implied, both at common law and under the UCC, that the battery packs PATCO designed, manufactured and sold to Dow would be new and conform to all specifications, be merchantable and fit for their intended purpose, and be free from defects in design, workmanship and materials.

25. Defendant PATCO breached its warranties to Dow (both at common law and pursuant to sections 2-313, 2-314, and 2-315 of the UCC) by providing battery packs prone to thermal events or overheating to such an extent that they were unreasonably dangerous and could catch fire, which breaches were a producing and proximate cause of damages to Dow for which Dow has not been compensated.

26. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

VII.
**Count 4 - Breach of Warranty – KOKAM**

27. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

28. Defendant Kokam made warranties to Dow, both express and implied, both at common law and under the UCC, that the battery cells Kokam designed, manufactured and sold to Dow would meet the applicable product specifications, be merchantable and fit for their intended purpose, be free from defects in design, workmanship and materials, and conform with all applicable laws and regulations.

29. Defendant Kokam breached its warranties to Dow (both at common law and pursuant to sections 2-313, 2-314, and 2-315 of the UCC) by providing battery cells prone to thermal events or overheating to such an extent that they were unreasonably dangerous and could

8

catch fire, which breaches were a producing and proximate cause of damages to Dow for which Dow has not been compensated.

30. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

## VIII.
## Count 5 – Strict Liability – Design Defect - PATCO

31. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

32. Defendant PATCO is engaged in the business of manufacturing, designing, marketing and selling battery packs, and thereby places such products in the stream of commerce. Defendant PATCO designed, manufactured, and sold the battery packs at issue to Dow. The battery packs in question were defectively designed so as to render them unreasonably dangerous and unsafe for their intended purpose at the time they left Defendant PATCO's control and were delivered to Dow in the same condition in which Defendant PATCO originally designed, manufactured, marketed and sold them.

33. Specifically, among other defects, the battery packs were prone to thermal events and/or overheating during normal or customary usage to such an extent that they could catch fire, which made the battery packs unreasonably dangerous as designed. A safer alternative design existed which was economically feasible at the time the battery packs left Defendant PATCO's control which would reduce or prevent the type of thermal event or overheating which occurred to cause the fire at issue. These design defects (among others) were a producing cause of the fire and resulting damages to Dow, and Defendant PATCO is strictly liable for these damages.

9

34. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

IX.
**Count 6 – Strict Liability – Design Defect – Kokam**

35. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

36. Defendant Kokam is engaged in the business of manufacturing, designing, marketing and selling battery cells, and thereby places such products in the stream of commerce. Defendants Kokam designed, manufactured, and sold the battery cells at issue to Dow. The battery cells in question were defectively designed so as to render them unreasonably dangerous and unsafe for their intended purpose at the time they left Defendant Kokam's control and were delivered to Dow in the same condition in which Defendant Kokam originally designed, manufactured, marketed and sold them.

37. Specifically, among other defects, the battery cells were prone to thermal events and/or overheating during normal or customary usage to such an extent that they could catch fire, which made the battery cells unreasonably dangerous as designed. A safer alternative design existed which was economically feasible at the time the battery cells left Defendant Kokam's control which would reduce or prevent the type of thermal event or overheating which occurred to cause the fire at issue. These defects (among others) were a producing cause of the fire and resulting damages to Dow, and Defendant Kokam is strictly liable for these damages.

38. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE

10

MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

## X.
## Count 7 – Strict Liability – Manufacturing Defect – PATCO

39. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

40. The battery packs were defective and unsafe for their intended purposes at the time they left Defendants PATCO's control and were delivered to Dow in the same condition in which Defendant PATCO originally designed, manufactured, marketed and sold them.

41. The battery packs were defective in that, among other defects, they overheated repeatedly during normal use to the point that they could catch fire, which made the battery packs unreasonably dangerous as manufactured. Defendant PATCO could have used different components in its battery packs which were not prone to overheating. The overheating (among other defects) was a producing cause of the fire and resulting damages to Dow, and Defendant PATCO is strictly liable for these damages.

42. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

## XI.
## Count 8 – Strict Liability – Manufacturing Defect – Kokam

43. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

44. The battery cells were defective and unsafe for their intended purposes at the time they left Defendant Kokam's control and were delivered to Dow in the same condition in which Defendant Kokam originally designed, manufactured, marketed and sold them.

45. The battery cells were defective in that, among other defects, they overheated repeatedly during normal use to the point that they could catch fire, which made the battery cells unreasonably dangerous as manufactured. Defendant Kokam could have used different components in its battery cells which were not prone to overheating. The overheating (among other defects) was a producing cause of the fire and resulting damages to Dow, and Defendant Kokam is strictly liable for these damages.

46. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

XII.
## Count 9 – Strict Liability – Marketing Defect – PATCO

47. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

48. Defendant PATCO improperly designed, manufactured, assembled, sold, supplied and marketed the battery packs at issue. The battery packs were defective and unsafe at the time they were designed, manufactured, sold, supplied, and marketed to Dow because they overheated repeatedly during normal use to such an extent that they could catch fire.

49. Defendant PATCO failed to give adequate warnings of the dangers associated with the battery packs which Defendant PATCO knew or by the application of reasonably developed skill and foresight should have known, and Defendant PATCO further failed to give adequate instructions to avoid such dangers, which made the battery packs unreasonably dangerous as marketed. These defective conditions (among others) were a producing cause of the fire and resulting damages to Dow, and Defendant PATCO is strictly liable for these damages.

12

50. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

### XIII.
### Count 10 – Strict Liability – Marketing Defect – Kokam

51. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

52. Defendant Kokam improperly designed, manufactured, assembled, sold, supplied and marketed the battery cells at issue. The battery cells were defective and unsafe at the time they were designed, manufactured, sold, supplied, and marketed to Dow because they overheated repeatedly during normal use to such an extent that they could catch fire.

53. Defendant Kokam failed to give adequate warnings of the dangers associated with the battery cells which Defendant Kokam knew or by the application of reasonably developed skill and foresight should have known, and Defendant Kokam further failed to give adequate instructions to avoid such dangers, which made the battery cells unreasonably dangerous as marketed. These defective conditions (among others) were a producing cause of the fire and resulting damages to Dow, and Defendant Kokam is strictly liable for these damages.

54. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

### XIV.
### Count 11 – Strict Liability - Failure to Warn – PATCO

55. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

13

56. Defendant PATCO failed to warn Dow of the unreasonably dangerous nature of its respective designs and/or products when used in the manner intended and foreseen by Defendant PATCO. The battery packs were defective and unsafe at the time they were designed, manufactured, sold, supplied, and marketed to Dow because they overheated repeatedly during normal use to such an extent that they could catch fire.

57. Defendant PATCO failed to give adequate warnings of the dangers associated with the battery packs which Defendant PATCO knew or by the application of reasonably developed skill and foresight should have known, and Defendant PATCO further failed to give adequate instructions to avoid such dangers of overheating repeatedly during normal use. These failures to warn (among others) were a producing cause of the fire and resulting damages to Dow, and Defendant PATCO is strictly liable for these damages.

58. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

XV.
**Count 12 – Strict Liability - Failure to Warn – Kokam**

59. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

60. Defendant Kokam failed to warn Dow of the unreasonably dangerous nature of its respective designs and/or products when used in the manner intended and foreseen by Defendant Kokam. The battery cells were defective and unsafe at the time they were designed, manufactured, sold, supplied, and marketed to Dow because they overheated repeatedly during normal use to such an extent that they could catch fire.

14

61. Defendant Kokam failed to give adequate warnings of the dangers associated with the battery cells which Defendant Kokam knew or by the application of reasonably developed skill and foresight should have known, and Defendant Kokam further failed to give adequate instructions to avoid such dangers of overheating repeatedly during normal use. These failures to warn (among others) were a producing cause of the fire and resulting damages to Dow, and Defendant Kokam is strictly liable for these damages.

62. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

XVI.
**Count 13 – Negligence – PATCO**

63. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

64. Defendant PATCO was negligent in, among other acts and omissions, failing to design the battery packs such that the type of overheating which caused the fire at issue would not occur, which negligence was a proximate cause of the fire and resulting damage to Dow.

65. Defendant PATCO also was negligent by failing to give adequate warnings of the dangers associated with the battery packs which Defendant PATCO knew or by the application of reasonably developed skill and foresight should have known, and Defendant PATCO further failed to give adequate instructions to avoid such dangers of overheating repeatedly during normal use. These failures to warn (among others) were a proximate cause of the fire and resulting damages to Dow, and Defendant PATCO is liable for these damages.

66. Ace also relies on the doctrine of *res ipsa loquitur* as the circumstances giving rise to the fire would not have occurred in the absence of negligence, and the design and

15

manufacture of the battery packs were within the exclusive control of Defendant PATCO at the time the negligence occurred.

68. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

XVII.
**Count 14 – Negligence – Kokam**

68. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

69. Defendant Kokam was negligent in, among other acts and omissions, failing to design the battery cells such that the type of overheating which caused the fire at issue would not occur, which negligence was a proximate cause of the fire and resulting damage to Dow.

70. Defendant Kokam also was negligent by failing to give adequate warnings of the dangers associated with the battery cells which Defendant Kokam knew or by the application of reasonably developed skill and foresight should have known, and Defendant Kokam further failed to give adequate instructions to avoid such dangers of overheating repeatedly during normal use. These failures to warn (among others) were a proximate cause of the fire and resulting damages to Dow, and Defendant Kokam is liable for these damages.

71. Ace also relies on the doctrine of *res ipsa loquitur* as the circumstances giving rise to the fire would not have occurred in the absence of negligence, and the design and manufacture of the battery cells were within the exclusive control of Defendant Kokam at the time the negligence occurred.

72. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE

16

MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

## XVIII.
## Count 15 – Negligence Per Se – PATCO

73. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

74. Defendant PATCO was negligent in, among other acts and omissions, failing to design the battery packs such that the type of overheating which caused the fire at issue would not occur, which negligence was a proximate cause of the fire and resulting damage to Dow.

75. Defendant PATCO also was negligent by failing to give adequate warnings of the dangers associated with the battery packs which Defendant PATCO knew or by the application of reasonably developed skill and foresight should have known, and Defendant PATCO further failed to give adequate instructions to avoid such dangers of overheating repeatedly during normal use. These failures to warn (among others) were a proximate cause of the fire and resulting damages to Dow, and Defendant PATCO is liable for these damages.

76. To the extent that Defendant PATCO further violated standards set forth in any federal or Missouri statute concerning the manufacture of products such as battery packs, or other statutes such as the National Fire Code, Ace would show that any such violations constituted negligence *per se* and were a proximate cause of the fire and resulting damages to Dow.

77. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

## XIX.
## Count 16 – Negligence Per Se – Kokam

78. Ace incorporates by reference paragraphs 1-10 as if fully set forth herein.

79. Defendant Kokam was negligent in, among other acts and omissions, failing to design the battery cells such that the type of overheating which caused the fire at issue would not occur, which negligence was a proximate cause of the fire and resulting damage to Dow.

80. Defendant Kokam also was negligent by failing to give adequate warnings of the dangers associated with the battery cells which Defendant Kokam knew or by the application of reasonably developed skill and foresight should have known, and Defendant Kokam further failed to give adequate instructions to avoid such dangers of overheating repeatedly during normal use. These failures to warn (among others) were a proximate cause of the fire and resulting damages to Dow, and Defendant Kokam is liable for these damages.

81. To the extent that Defendant Kokam further violated standards set forth in any federal or Missouri statute concerning the manufacture of products such as battery cells, or other statutes such as the National Fire Code, Ace would show that any such violations constituted negligence *per se* and were a proximate cause of the fire and resulting damages to Dow.

82. By reason of the premises, Ace has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00), together with interest and the costs and disbursements of this action.

## XX.
## Prayer

83. Plaintiff Ace is fully subrogated to the claims of Dow, the owner of the Lee's Summit, Missouri plant facility at issue, and brings this claim on its own behalf and, as agent and

trustee, on behalf of and for the interest of all parties who may be or become interested in the facility, as their respective interests may ultimately appear, and Ace is entitled to maintain this action.

84. Ace has duly performed all duties, obligations, and conditions precedent on its part to be performed.

85. All and singular the premises are true and within the jurisdiction of this Honorable Court.

WHEREFORE, Plaintiff Ace prays:

1. That a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of Plaintiff's damages, together with interest and the costs and disbursements of this action; and

2. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

/s/ James S. Kreamer, Esq.
JAMES SCOTT KREAMER
Missouri Bar No.: 39682
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: 816-471-2121
Email: Kreamer@bscr-law.com

- and -

STEVEN P. VANGEL *(to be admitted pro hac vice)*
ROBERT G. MOLL *(to be admitted pro hac vice)*
**HILL RIVKINS LLP**
55 Waugh Drive, Suite 1200
Houston, Texas 77007

Telephone: (713) 222-1515
Telefax: (713) 222-1359
Email: svangel@hillrivkins.com
rmoll@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF**
**ACE AMERICAN INSURANCE COMPANY**

20

Case 4:14-cv-00957-BP   Document 1   Filed 10/31/14   Page 20 of 20